IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM E. FLAGG, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 6:16-cv-01687-AA <br> **OPINION AND ORDER** |

AIKEN, Judge:

Plaintiff William E. Flagg, Jr., brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). In 2008, the Commission found plaintiff disabled. On October 6, 2011, the Commissioner found plaintiff's impairments had improved such that he was no longer disabled. In this appeal, plaintiff challenges that disability cessation decision. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## BACKGROUND

In May 2008, the Commissioner found plaintiff was disabled and awarded him Disability Insurance Benefits ("DIB") with an effective date of November 25, 2003. On October 6, 2011, the Commissioner informed plaintiff that he was no longer disabled and his DIB would cease. The disability cessation decision was upheld on reconsideration and referred to an ALJ for a hearing. That hearing took place on July 22, 2014; plaintiff testified and was represented by counsel, and a vocational expert ("VE") also testified. In a written decision dated February 26, 2015, the ALJ upheld the cessation decision. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

In an initial application for Social Security benefits, the claimant bears the initial burden of establishing disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). "Once a claimant has been found to be disabled, however, a presumption of continuing disability arises in her favor." *Bellamy v. Sec. Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985). Accordingly, in a disability cessation case, the Commissioner has the burden to rebut the presumption of continuing disability. *Id.* The Commissioner may find a disability has ceased—and may terminate disability benefits—only when substantial evidence shows that "(1) 'there has been any medical improvement in the claimant's impairment' and (2) the claimant 'is now able to engage in substantial gainful activity.'" *Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016) (quoting 42 U.S.C. § 423(f)(1)) (alterations normalized).

Even though the Commissioner bears the burden of proof in cessation cases, the standard of review on appeal is the same as the standard in other Social Security disability cases. *Bellamy*, 755 F.2d at 1381. The district court must affirm the Commissioner's decision if it is

based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The Commissioner has established an eight-step process to determine whether a disability has ceased. *Easly v. Astrue*, 2009 WL 928682, *3 (D. Or. Apr. 2, 2009). The process requires the identification of the most recent decision in which the claimant was found to be disabled, termed the comparison point decision ("CPD") under the regulations. *Anderson v. Colvin*, 223 F. Supp. 3d 1108, 1115 (D. Or. 2016). The ALJ identified the disability decision issued May 27, 2008, as the CPD. The ALJ noted that

> [a]t the time of the CPD the claimant had the following medically determinable impairments: chronic back pain secondary to degenerative disc disease; pain disorder with psychological factors and a general medical condition, and cognitive disorder not otherwise specified. These impairments were found to result in the residual functional capacity to perform sedentary work, except he would not be able to complete a full work day or workweek due to waxing and waning of pain and psychological symptoms and would miss more than two days of work per month.

Tr. 18.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity through December 1, 2012. 20 C.F.R. § 404.1594(f)(1). At step two, the ALJ found plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.* § 404.1594(f)(2). At step three, the ALJ found there had been medical improvement since the CPD with respect to plaintiff's physical and mental impairments. *Id.* § 404.1594(f)(3). At step four, the ALJ found that medical improvement was related to plaintiff's ability to do work. *Id.* § 404.1594(f)(4).

Step five only applies when there has been no medical improvement or when that improvement does not affect ability to work. *Id.* § 404.1594(f)(5). Although the ALJ did not make any express findings at step six, he implicitly found plaintiff's impairments remained severe when he reevaluated plaintiff's RFC. *Id.* §§ 404.1594(f)(6). Like in the CPD, the ALJ limited plaintiff to sedentary work. The ALJ further restricted plaintiff to unskilled, simple, routine tasks. The ALJ departed from the CPD when he found plaintiff would be off-task "only 9% of the time" and would miss "only one day of work per month." Tr. 19. At step seven, the ALJ concluded plaintiff could not perform past relevant work. 20 C.F.R. § 404.1594(f)(7). At step eight, the ALJ concluded plaintiff could perform jobs existing in the national economy, such as telephone solicitor or ticket seller. *Id.* § 404.1594(f)(8). The ALJ found plaintiff's disability had ceased on December 1, 2012.

## DISCUSSION

Plaintiff argues that the ALJ erred when he found medical improvement since the CPD. With respect to his back pain, plaintiff does not challenge any particular portion of the ALJ's analysis. Instead, he asserts that certain medical records show "progressive symptoms." Pl.'s

Br. 6. Those records plausibly support plaintiff's assertion that his degenerative disc disease and associated symptoms have worsened over time. However, plausibility of the plaintiff's theory of the case is not the standard of review in Social Security disability appeals. Instead, the question is whether substantial evidence in the record support's the ALJ's interpretation of the evidence. Plaintiff ignores the ALJ's citation of treating physician records showing insufficient neural impingement to match reported pain levels (and including musings about possible secondary gain motivations) and the fact that plaintiff went months without narcotic pain medication. Having carefully reviewed the record, I find that substantial evidence supports the ALJ's finding that plaintiff's back pain improved after the CPD.[1]

Regarding plaintiff's symptoms from cognitive disorder, plaintiff argues that the ALJ provided legally insufficient reasons to reject the opinion of examining psychologist Ron Lechnyr, Ph.D. There are three types of medical opinions in Social Security disability cases: those of treating, examining, and reviewing physicians. *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202; *accord* 20 C.F.R. § 404.1527(c). Accordingly, "the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Moreover, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons." *Id.* at 830–31.

---

[1] With respect to plaintiff's physical limitations, such as ability to walk, stand, and lift, the back pain medical improvement finding was immaterial to the ultimate disability determination. The ALJ limited plaintiff to sedentary work, an identical limitation to that imposed in the CPD.

Page 5 – OPINION AND ORDER

Dr. Lechnyr conducted a six hour evaluation and assessment session on November 9, 2012. He reviewed more than one thousand pages of medical records and administered extensive cognitive testing, diagnosing pain disorder, mood disorder, major depressive disorder, bipolar affective disorder, intermittent explosive disorder, post traumatic stress disorder, alcohol abuse in remission, nicotine dependence, and cognitive disorder not otherwise specified. Tr. 1340–41. Dr. Lechnyr opined that plaintiff is "psychologically disabled and unable to work," with symptoms "consistent over an extended period of time." Tr. 1344. He assessed marked limitations in a number of areas, including ability to carry out detailed instructions; ability to maintain attention and concentration for extended periods; and ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.

The ALJ gave Dr. Lechnyr's opinion "minimal weight." Tr. 22. Instead, the ALJ credited the opinion of agency reviewing physician Sandra Lundblad, Psy.D. In an opinion written May 15, 2012, Dr. Lundblad wrote:

> Psych improved since CPD. At CPD, decreased stamina, poor sleep, no recreational activities, narcotics for chronic pain. Currently, no longer prescription pain meds, says he no longer uses [marijuana], leaves home nearly every day, sleep improved, several recreational activities including metal sculpting, Facebook, internet poker. GAF at CPD was 35; currently GAF 60. At CPD ALJ rated marked limitations to [concentration, persistence and pace]. Current MRFC no longer results in marked limitations.

Tr. 1316. Because there is a clear conflict between Dr. Lechnyr's opinion and Dr. Lundblad's opinion, the ALJ's reasons for rejecting Dr. Lechnyr's opinion must be specific and legitimate. *Lester*, 81 F.3d at 831.

The ALJ found Dr. Lechnyr's opinion inconsistent with plaintiff's statements about his activities of daily living. Specifically, the ALJ found plaintiff's ability to prepare his home for sale on the market in a short timeframe inconsistent with marked limitations regarding

performing at a consistence pace. The ALJ similarly found plaintiff's regular attendance at church and Bible study inconsistent with his alleged marked limitations with regular attendance and punctuality. Finally, the ALJ found plaintiff's expressed intent to enroll at a four-year school so he could become a prison outreach minister inconsistent with marked difficulty working with others. The ALJ also noted that plaintiff had not indicated he had any problems interacting with others and that plaintiff had been able to maintain an amicable relationship with his ex-spouse and in-laws. These inconsistencies are specific, legitimate reasons to give less weigh to Dr. Lechnyr's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir. 1999) (inconsistency between provider's treatment notes and a claimant's daily activities may constitute a specific and legitimate reason to discount provider's opinion).

Moreover, the record contains ample evidence that plaintiff's mental symptoms had improved by 2012. Plaintiff testified that had experienced a "spiritual revival" since beginning to attend church and Bible study regularly. Tr. 49. He planned to apply for a four-year program to become a pastor. When the ALJ asked him if he was up to the physical and mental challenges of such a program, plaintiff testified that he believed he was mentally "up to the challenge[.]" Tr. 51. He also testified that symptoms from his bipolar disorder were under control "[m]ost the time" with medication. Tr. 53. He acknowledged that on his current doses of Cymbalta and Abilify, both adjusted after the CPD, his mood swings and other cognitive symptoms were both less frequent and less severe than they had been without the medications. Tr. 57. Plaintiff reported to a doctor in 2012 that he had improved mood, adequate sleep, and general contentment regarding his current circumstances. Tr. 1446. The ALJ reasonably relied on that and other evidence in finding that plaintiff's cognitive disorder had improved since the CPD.

Plaintiff next argues that the ALJ erred in finding him disabled because a small difference in the ALJ's findings would have rendered him disabled. It is true that, had the ALJ found slightly more severe symptoms, plaintiff would have continued receiving DIB. The VE testified that a hypothetical individual could maintain employment if off-task nine percent of the time and absent one day per month, but not if off-task ten percent of the time or absent two days per month. Thus, a one percentage-point difference in off-task time or one additional absence per month would have tipped the scales in favor of a disability finding. Plaintiff contends that small "margin of error" means the ALJ's decision is supported by a mere scintilla of evidence. Pl.'s Br. 8. Plaintiff mischaracterizes the applicable legal standard. Taking plaintiff's argument to its logical conclusion, the ALJ's decision would *never* be supported by evidence in a "close call" case; the ALJ would *always* be required to find the claimant disabled if the evidence could plausibly support both disability and non-disability. That is precisely the opposite of the substantial evidence standard, which requires affirmance if the record supports the ALJ's conclusion even if another outcome is equally supported by the evidence.

Finally, plaintiff contends the ALJ presented the VE with an incomplete hypothetical question, invalidating the findings about work plaintiff could perform. At the hearing, the ALJ asked the VE about a hypothetical person who would be off-task nine percent of the time but nonetheless meet minimal production requirements. The VE confirmed that such a person could work as a ticket seller or phone solicitor "for the long haul over months and years[.]" Tr. 71. In the written decision, the ALJ mentions the nine percent off-task number but says nothing about minimal production requirements. Plaintiff asserts this mismatch between hearing transcript and written decision amounts to error at step eight. But there is no error; the ALJ relied on the VE's response to a *more restrictive* hypothetical than the one in the opinion. It is not possible that the

"complete" hypothetical, which in this case simply would have subtracted a restriction, would have yielded a different step-eight outcome.

It is understandable that plaintiff is frustrated by the Commissioner's decision. The finding that he would be off task nine percent of the time drove the decision; a single percentage point more of off-task time, or a single more absence per month, would have meant he continued to receive DIB. But it is not the district court's role to second-guess the ALJ's decision so long as it is supported by substantial evidence. Here, the substantial evidence standard is satisfied.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 13 day of November 2017.

_____
Ann Aiken
United States District Judge